WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karmen Thornton,<br><br>             Plaintiff,<br><br>v.<br><br>Ethicon Incorporated, et al.,<br><br>             Defendants. | No. CV-20-00460-TUC-JCH<br><br>**ORDER** |

Before the Court is Defendants' Motion for a Separate Trial on the Issue of the Statute of Limitations ("Motion"). (Doc. 102.) The Motion is fully briefed. (Docs. 107, 108.) The Court finds that oral argument will not aid the Court in its decision and Defendants' request for oral argument is denied. *See* Fed. R. Civ. P. 78(b); LR Civ 7.2(f). For the following reasons, the Court will deny the Motion.

**I.   BACKGROUND[1]**

This is a products liability action involving a pelvic mesh device, TVT-O, manufactured and sold by Defendants Ethicon, Inc., and Johnson & Johnson ("Defendants"). On July 13, 2006, Dr. Vicky Sherman implanted Plaintiff with Defendants' TVT-O device for the treatment of stress urinary incontinence. (Doc. 1 at 4.) Plaintiff alleges that Defendants' TVT-O device is defective and caused her serious injury. *Id.*

---

[1] A comprehensive background is set forth in the Court's September 28, 2021 Order. (Doc. 101.)

On May 13, 2016, Plaintiff filed suit directly in the Southern District of West Virginia as part of a multidistrict litigation proceeding. (Doc. 1.) Her case was transferred to this Court on October 28, 2020. (Docs. 61.) Defendants moved for summary judgment on all of Plaintiffs' claims. (Docs. 29, 89.) After a full briefing, Magistrate Judge Eric J. Markovich issued a Report and Recommendation recommending, *inter alia*, granting the defense summary judgment on statute of limitations grounds. (Docs. 37, 38, 91, 94, 96.) This Court rejected Judge Markovich's recommendation[2] finding there is a triable issue of fact on when Plaintiff's cause of action accrued and, thus, whether her action is time barred. (Doc. 101 at 6-17.)

## II. DEFENDANTS' MOTION

Defendants move for a separate trial on the statute of limitations issue[3] arguing: (1) bifurcation will spare the Court, jury, witnesses, and parties significant time and expense because a trial on the narrow issue of the statute of limitations would only take one to two days; (2) bifurcation will alleviate jury confusion and undue prejudice to Defendants that would result if they were forced to argue conflicting positions to the jury; and (3) these benefits conferred outweigh the additional cost that would be incurred by having two trials if the jury finds that Plaintiff's claim is timely. (Doc. 102.) Plaintiff opposes bifurcation arguing: (1) her claims are not time barred and thus there would be no efficiency in holding a separate trial on the issue; (2) bifurcated trials would involve a duplication of issues and evidence; and (3) Defendants will not be prejudiced by having a single trial. (Doc. 107.)

…

---

[2] The Court adopted the Judge Markovich's recommendation to grant summary judgment to Defendants on the claims that Plaintiff withdrew (Counts II, IV, VI, VII, VIII, IX, XI, XII, XIII and XV). (Doc. 101 at 3-4.) The Court also granted the defense summary judgement on their Strict Liability—Failure to Warn claim (Count III), their negligence claims (Counts I, X, XIV), but only to the extent the negligence claims are based on a failure to warn, and the punitive damages claim (Count XVII). (*Id.* at 28-29.) The following claims remain for trial: Strict Liability—Design Defect (Count V), Discovery Rule and Tolling (Count XVIII) and the portion of the negligence claims (Counts I, X, and XIV) to the extent these claims are based on negligent design defect. *Id*.

[3] Essentially, Count XVIII of Plaintiff's short form complaint. *See* Doc. 1 at 5.

### III. BIFRUCATION STANDARD

"Rule 42(b) [of the Federal Rules of Civil procedure] confers broad discretion on a court to bifurcate a trial on separate issues '[f]or convenience, to avoid prejudice, or to expedite and economize.'" *McBroom v. Ethicon, Inc.*, No. CV-20-02127-PHX-DGC, 2021 WL 2661463, at *1 (D. Ariz. June 29, 2021) (citing Fed. R. Civ. P. 42(b); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Jinro Am. Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001); 9A Wright & Miller, Fed. Prac. & Proc. § 2389 (3d ed., Apr. 2021 update) ("Rule 42(b) is sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case.")). This exercise of discretion should not unfairly prejudice the non-moving party, nor can it run afoul of the Seventh Amendment.[4] *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). The test for determining whether bifurcation is appropriate is "whether the issues are readily separable, whether bifurcation would promote efficiency and economy, and whether the failure to bifurcate would cause a party to suffer unfair prejudice." *Heatherman v. Ethicon, Inc.*, No. 1:20-CV-01932-RBJ, 2021 WL 2138543, at *2 (D. Colo. Jan. 22, 2021) (citation omitted).

### IV. ANALYSIS

#### a. Separability

Separability refers to the notion of whether a simpler dispositive issue can easily be parsed out from a more difficult question. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) ("One favored purpose of bifurcation is to accomplish just what the district court sought to do here—avoiding a difficult question by first dealing with an easier dispositive one."); *Estate of Diaz v. Cty. of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) ("A court might bifurcate a trial to avoid a difficult question by first dealing with an easier dispositive issue[.]"). Where the statute of limitations issue would cause the consideration

---

[4] "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. Amend. VII.

of the same extensive medical records, complications, and physician's testimony, bifurcation would not be more efficient. *See, e.g.*, *Mason v. Ethicon, Inc.*, No. 6:20-CV-1078-RBD-DCI, 2021 WL 2580113, at *1 (M.D. Fla. May 10, 2021) (finding in a pelvic mesh case that bifurcation would be inefficient where the jury would need to consider the plaintiff's medical records, complications, and what she was told by physicians in both cases).

Defendants here argue that any duplication in evidence between two trials will be minimal. (Doc. 108 at 4). They assert that they will likely only need to call Plaintiff as a witness and present "select medical records." *Id.* They point out that the recently bifurcated trial in *McBroom* was only a day and a half. *Id.*

As explained below, the Court finds that Defendants likely misjudge the anticipated length of a trial on the statute of limitations issue. As mentioned, Defendants rely upon *McBroom v. Ethicon, Inc.,* a recent case in this district wherein District Judge David Campbell bifurcated the statute of limitations issue from the merits. Defendants there argued that the plaintiff was on notice of her injuries because her doctors attributed her injuries to her mesh during the relevant time period. *McBroom,* 2021 WL 2661463 at *2. In that case there were no confounding medical issues, such as other surgeries, that may have accounted for the plaintiff's symptoms. *See generally Id.* at *1 (stating that adverse pelvic symptoms did not appear until after pelvic mesh implantation).

Here, Plaintiff has several confounding medical issues—pelvic spasms, lumbar fusion surgery, and hysterectomy—that she believes caused her symptoms. (Doc. 107 at 3-4; Doc. 101 at 4.) As such, it is reasonable to expect that Plaintiff will seek to present evidence of these confounding issues and how she understood any symptoms she experienced as a result of them. *See* Doc. 107 at 6 ("…Plaintiff believes that the statute of limitations issue would involve testimony by multiple witnesses, including Ms. Thornton, Ms. Thornton's treating physicians, consideration of certain medical records…"). In light of Plaintiffs' confounding medical issues the Court is not persuaded by *McBroom*.

The Court finds that this present case is similar to *Heatherman v. Ethicon, Inc.,*

where, in denying a request to bifurcate, the district court recognized that the plaintiff "will want to present evidence of [her] history in an effort to explain why she might not have understood the linkage between the [mesh] and her claimed injuries (and to rebut any medical evidence presented by the defendants). Presumably, this could include testimony from treating physicians and retained experts." *Heatherman*, 2021 WL 2138543 at *3. As mentioned above Plaintiff confirms that she believes testimony from multiple witnesses— herself, her treating physicians, and Ethicon employees—is necessary. (Doc. 107 at 6-7.) These same witnesses and evidence would necessarily be repeated to some extent at a trial on the merits. Although Defendants disagree about the necessity of such evidence at a trial on the statute of limitations, as recognized by the district court in *Heatherman*, "the same facts that defendants say cast doubt on the proposition that the TVT caused [the plaintiff's] injuries are germane to the question of when the injury *and its cause* were known or should have been known to her." 2021 WL 2138543, at *3.

The Court finds that there is sufficient overlap between the evidence concerning Plaintiff's discovery of the cause of her injury and the merits of her claim such that the statute of limitations issue is not so clearly and easily separable from the merits.

### b. Efficiency and Judicial Economy

Defendants argue that a trial restricted to the statute of limitations would be dispositive of the entire action thereby obviating the need for a much longer trial on the merits thus serving the interests of efficiency and judicial economy. (Doc. 102 at 5.) They rely on *McBroom* arguing that the evidence Plaintiff would seek to introduce is unnecessary and irrelevant and contend that they will likely prevail on the statute of limitations issue. (Doc. 108 at 2-4.) They state, "[t]his Court's recent experience in *McBroom* proves the benefits of bifurcating this issue in surgical mesh lawsuits." *Id.* at 5.

Defendants are no doubt correct that *if* a jury finds in their favor, the preliminary trial will obviate a need for a trial on the merits. *McBroom* demonstrates that a short trial on the statute of limitations is possible, and may be appropriate, where there are no confounding medical issues and no need to call physicians who provided contradictory

information to a plaintiff. Contrary to Defendants' argument, however, *McBroom* does not support the position that bifurcation in this case is certain to save judicial resources. Indeed, *McBroom* is proceeding to a trial on the merits. *See McBroom,* 2021 WL 2661463 (proceeding to trial on the merits despite the statute of limitations issue being bifurcated).[5]

A decision from the United States Court of Appeals for the Sixth Circuit in a case involving an intrauterine device ("IUD") also suggests that judicial efficiency and economy may not be served by bifurcation here. In *Carriarcarne v. G.D. Searle & Co.*, 908 F.2d 95 (1990), the plaintiff saw a doctor who voiced suspicion that the IUD may have been the cause of her injury. *Id.* at 96. The plaintiff then had surgery and was told by the doctor that there was no permanent injury caused by the IUD. *Id.* Years later, another doctor informed her that the IUD had indeed caused permanent injury. *Id.* Under these facts, the court of appeals found that the statute of limitations did not start running until the last doctor visit where the plaintiff was conclusively informed that the IUD caused permanent injury because "[p]rior to that time, there was no certainty about plaintiff's condition or the cause of her condition." *Id.* at 97. The Court finds *Carriararne* sufficiently similar to the instant case to cast into doubt Defendants' contentions that they have a "substantial likelihood" of success and that the "potential benefit of bifurcation is not speculative." (Doc. 102 at 5-6.)

Defendants also appear confident that a trial on the statute of limitations would only take one to two days because the evidence Plaintiff seeks to introduce is unnecessary and irrelevant. (Doc. 108 at 4.) Their position centers around evidence relating to internal company documents and Ethicon employees' testimony that allegedly establish what TVT-O risks and complications were concealed and what could have been known by the public in 2012. (*Id.*; Doc. 107 at 5, 7-8.) They point out that Plaintiff withdrew her claim for

---

[5] The Court is unaware of a pelvic mesh case that was resolved in a defendant's favor upon a jury verdict in a bifurcated statute of limitations trial. *See, e.g.*, *Young v. Mentor Worldwide LLC*, 312 F. Supp. 3d 765 (2018) (settled before bifurcated trial); *Heinrich*, 2021 WL 2801961 (bifurcated trial pending as of the date of this decision); *Adams v. Zimmer US, Inc.*, 5:17-cv-621 (E.D. Penn. Mar. 13, 2020) (settled before bifurcated trial); *Gardner v. Ethicon, Inc*., 4:20-cv-00067-SAL (D. S.C. Sept. 15, 2020) (settled before bifurcated trial).

fraudulent concealment and has not argued that fraudulent concealment tolled the statute of limitations; and so, they argue that this evidence would be unnecessary at a trial on the statute of limitations. (Doc. 108 at 4.) At this juncture it is not clear that Plaintiff could not offer evidence relating to what was publicly known in 2012 under any circumstances as this evidence may be relevant to what she knew or reasonably could have known through due diligence at the time of her injury.[6] Moreover, as discussed above, the Court finds there is sufficient overlap between the evidence that may be offered at both a statute of limitations trial and a merits trial to rebut an argument that efficiency and judicial economy are furthered by bifurcation.

### c. Unfair Prejudice

Defendants argue that they will suffer prejudice[7] if they have to argue contradictory positions—"that Plaintiff knew or should have known she was injured by Ethicon's mesh more than two years before the suit… [and] that the mesh was not defective and did not actually cause Plaintiff's injuries." (Doc. 102 at 9.) Defendants point out that other courts have found such arguments persuasive and supported bifurcation. *See McBroom*, 2021 WL 2661463 at *2; *Heinrich*, 2021 WL 2801961 at *1. Conversely, Plaintiff points out that such contradictory positions are "a typical consequence" of asserting an affirmative defense. (Doc. 107 at 8.) *See also Heatherman*, 2021 WL 2138543 at *4.

It is "[t]rue, [that] bifurcation can prevent th[e] consequence" of contradictory

---

[6] The Court does not decide the relevance or admissibility of such evidence at this time.

[7] There is authority for the position that bifurcation under Rule 42(b) is concerned with prejudice to the non-moving party. *See Houseman v. U.S. Aviation Underwriters*, 171 F.3d at 1121 ("Next, the Court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party. *See Angelo v. Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993)."). Here, Defendants-movants primarily focus on the prejudice that they, rather than non-movant Plaintiff, would allegedly suffer if the Court were to deny bifurcation and only cursorily address any prejudice that Plaintiff would suffer if the Court were to order bifurcation. Regardless, prejudice is only one factor the Court is to consider under Rule 42(b) and as explained above, the Court determines that separability, efficiency, and judicial economy weigh in favor of denying bifurcation. *See Purington v. GEICO Ins. Agency Inc.*, No. CV-19-01469-PHX-SMB, 2019 WL 12338044, at *3 (D. Ariz. Oct. 2019) (recognizing that "prejudice is only one factor to consider under Rule 42(b)").

- 7 -

positions. *McBroom*, 2021 WL 2661463 at *3. "However, separation of issues for trial is not, and should not be routinely ordered…." *Young,* 312 F. Supp. at 768 (citing Fed. R. Civ. P. 42(b) (advisory committee note)). While Defendants explain difficulties associated with presenting their defense at one trial, they fail to explain how the act of establishing their statute of limitations defense is different from any other case involving an affirmative defense and therefore should be treated differently in this case. *See Heatherman*, 2021 WL 2138543 at *4 ("Indeed, the concept of any affirmative defense is that the defendant is telling the jury that the plaintiffs' claims are not true, but if they were true, then the case nevertheless fails for a separate reason, such as untimeliness."). Any prejudice Defendants may experience from presenting a defense and an affirmative defense in one trial can be overcome by utilizing available trial tools such as specialized jury instructions, structured verdict forms, and the opportunity to seek a directed verdict. *See Id.,* 2021 WL 2138543 at *4 (discussing the possibilities of a verdict form that requires a decision on the limitations issue first and use of explanatory instructions to present the defenses).

Defendants assert that publicly testifying about a topic that is personal, sensitive, and traumatic would be difficult for Plaintiff but that this burden is "substantially outweighed by the potential benefits of separate trials." (Doc. 102 at 10-11; Doc. 108 at 5.) As previously discussed, the Court finds that Defendants likely overstate the potential benefits of separate trials. Similarly, the Court disagrees with Defendants that the difficulties Plaintiff may face in publicly testifying twice about her personal health issues is "substantially outweighed" by the benefits of separate trials.

Lastly, the question of bifurcation "is primarily a question concerning the court's trial procedure and convenience, not a question concerning the merits of the case." *Richmond v. Weiner*, 353 F.2d 41, 45 (9th Cir. 1965). Therefore, while both parties dedicated significant portions of their briefs to arguing the substantive statute of limitations issue already addressed in the Court's Order on the motions for summary judgment, the Court did not consider the parties' merits arguments in deciding the Motion. This Court has already determined that a when Plaintiff's knowledge, understanding, and acceptance

in the aggregate provided sufficient facts for her cause of action to accrue under Arizona law is for the jury. (Doc. 101 at 7-10.)

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED DENYING** Defendants' Motion for a Separate Trial on the Issue of the Statute of Limitations (Doc. 102).

Dated this 29th day of November, 2021.

Honorable John C. Hinderaker
United States District Judge